1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 | VOSK INTERNATIONAL CO.,                  ) No.
                                            )
10 |          Plaintiff,                      ) COMPLAINT
                                            )
11 |     vs.                                  ) JURY DEMAND
                                            )
12 | ZAO GRUPPA PREDPRIYATIJ OST and         )
   | ZAO OST AQUA,                           )
13 |                                          )
   |          Defendants.                     )
14 | _____)

15      Plaintiff Vosk International Co. ("Vosk"), by the undersigned attorneys, alleges for its

16 complaint against Zao Gruppa Predpriyatij Ost and Zao Ost Aqua ("Defendants") as follows:

17                                  **NATURE OF ACTION**

18      1.      Vosk seeks to appeal a final decision of the Trademark Trial and Appeal Board

19 ("TTAB") of the United States Patent and Trademark Office ("PTO") that sustained Defendants'

20 opposition to Vosk's application to register three trademarks in connection with non-alcoholic

21 beverages.  Vosk also asserts claims for false designation of origin under the Lanham Act and

22 violation of the Washington's Consumer Protection/Unfair Business Practices Act.

23                                       **PARTIES**

24      2.      Plaintiff Vosk International Co. is a Washington general partnership.  Its principal

25 place of business is located in Bellevue, Washington.  Since 1997, Vosk has been engaged in the

26

COMPLAINT -- 1

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

No.

business of marketing, distributing, offering for sale, and selling beverages in interstate commerce throughout the United States.

3.     Defendant Zao Gruppa Predpriyatij Ost is a Russian company.  It owns and manages defendant Zao Ost Aqua.  Its principal place of business is located in Noginsk, Moskovskaya oblast, Russia.  Zao Gruppa Predpriyatij is in the business of marketing, distributing, offering for sale, and selling beverages in interstate commerce throughout the United States.

4.     Defendant Zao Ost Aqua is a Russian company.  Its principal place of business is located in Noginsk, Moskovskaya oblast, Russia.  Zao Ost Aqua is in the business of marketing, distributing, offering for sale, and selling beverages in interstate commerce throughout the United States.

## JURISDICTION AND VENUE

5.     This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, pursuant to an appeal, in accordance with 15 U.S.C. § 1071(b)(1), from a decision of the TTAB.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a); 15 U.S.C. § 1121(a); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.     This Court has personal jurisdiction over Defendants on the grounds that, among other things, they engage in a continuous and systematic course of doing business in Washington and/or have substantial contacts with, transact and solicit business in and/or have purposefully availed themselves of the privileges and benefits of doing business in the State of Washington.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (c), and (d) because Defendants conduct business in and/or have substantial contacts with and/or may be found in the Western District of Washington; a substantial portion of the events at issue have arisen and/or will arise in this judicial district; because Defendants are alien corporations; and because Defendants are subject to personal jurisdiction within this judicial district.

COMPLAINT -- 2

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

No.

**FACTS**

8.      In 2004, Vosk decided to introduce three traditional Russian non-alcoholic beverages to consumers in the United States market.

9.      The first drink was a pear-flavored drink known as "Dushesse," which denotes a variety of pear.  The second is known as "extra-cider," which is an apple cider-flavored drink.  The third is known as "estragon," because of its estragon (tarragon) flavor.  Each of these beverage styles were popular in the former Soviet Union and remain popular in Russia, but were not available in the United States.

10.      Dushesse, extra-cider, and estragon drinks are made by many manufacturers in Russia, which formulate the drinks according to recipes required by the Russian government and sell them under identical trademarks.  For these reasons, no producers claim (or are able to claim) trademark rights in Russia in connection with their Dushesse, extra-cider, and estragon drinks.

11.      Defendants manufacture Dushesse, extra-cider, and estragon drinks in Russia.

12.      On March 18, 2004, Vosk entered into a contract with defendant Zao Ost Aqua to manufacture and sell to Vosk Dushesse, extra-cider, and estragon drinks to Vosk's specifications.  Among other things, Vosk required Defendants to formulate the drinks without certain chemicals that the United States prohibits.  Vosk also provided Defendants with the English-language labels it required Defendants to use, which depicted Vosk's "DIOWEC DUSHESSE," "KCTPA-CNTP EXTRA-CIDER," and "TAPXYH ESTRAGON" trademarks in the stylized designs depicted below (Vosk's Trademarks):



DIOWEC DUSHESSE and Design trademark

COMPLAINT -- 3

No.

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701



KCTPA-CNTP EXTRA-CIDER and Design trademark



TAPXYH ESTRAGON and Design trademark.

13.     The parties discussed revisions to the labels, which Vosk controlled and ultimately approved.

14.     Thereafter, Defendants began to manufacture, bottle, and label the drinks as Vosk directed.

15.     At least as early as July 2004, Vosk began to sell its drinks bearing Vosk's Trademarks in United States interstate commerce.  In doing so, Vosk obtained common law rights in Vosk's Trademarks.

16.     On September 2, 2004, Vosk filed with the PTO Application Serial No. 78477812 to register KCTPA-CNTP EXTRA-CIDER and Design in International Class 32 in connection with "non-alcoholic beverages, namely sparkling water" and Application Serial No. 78477780 to register TAPXYH ESTRAGON and Design in International Class 32 in connection with "non-alcoholic beverages, namely flavored water."

17.     On September 19, 2004, Vosk filed with the PTO Application Serial No. 78485896 to register DIOWEC DUSHESSE and Design in International Class 32 in connection with "non-alcoholic beverages, namely flavored sparkling water."

18.     The PTO approved each application to register Vosk's Trademarks and published them for opposition.

COMPLAINT -- 4                                        **ATKINS IP**
                                                      93 South Jackson Street #18483
                                                      Seattle, WA 98104-2818
                                                      (206) 628-0983/Fax: (206) 299-3701

No.

19.     To Vosk's great surprise, on January 3, 2006, Defendants filed a notice opposition with the TTAB opposing Vosk's application to register DIOWEC DUSHESSE and Design (Opposition No. 91168423), alleging prior use in the United States and a likelihood of confusion with its own "DUSHESSE" trademark depicted below:



Defendants' DIOWEC and Design trademark

20.     On February 8, 2006, Defendants filed a second notice of opposition with the TTAB, opposing Vosk's application to register TAPXYH ESTRAGON and Design (Opposition No. 91169098), alleging prior use in the United States and a likelihood of confusion with its own "TAPXYH" trademark depicted below:



Defendants' TAPXYH and Design trademark

21.     On February 28, 2006, Defendants filed a third notice opposition with the PTO, opposing Vosk's application to register KCTPA-CNTP EXTRA-CIDER and Design (Opposition No. 91169446), alleging prior use in the United States and a likelihood of confusion with its own "EXTRA-CIDER" trademark depicted below:

COMPLAINT -- 5

No.

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701



Defendants' KCTPA-CNTP and Design trademark

22.    Defendants' trademarks copy distinctive design elements depicted in Vosk's Trademarks.

23.    The TTAB consolidated Defendants' oppositions for trial.

24.    Vosk moved for summary judgment asking the TTAB to determine as a matter of law that it has priority over the conflicting rights that Defendants claimed in their trademarks. On October 31, 2008, the TTAB denied Vosk's motion for summary judgment.  A copy of the TTAB's decision is attached hereto as Exhibit A.

25.    In rendering its decision, the TTAB improperly accepted Defendants' untimely response, considered inadmissible evidence that Defendants offered, improperly weighed the evidence it did accept, and erred in applying the law.

26.    The case then proceeded to trial.  On August 9, 2011, the TTAB rendered a decision sustaining the Defendants' opposition on the ground of likelihood of confusion, finding that Defendants had sustained their burden of proving that Defendants had made prior lawful use of their marks in the United States and, therefore, they had priority over Vosk's conflicting trademark rights.  The TTAB also concluded that Defendants' opposition was not barred by the doctrine of unclean hands.  A copy of the TTAB's decision is attached hereto as Exhibit B.

27.    In rendering its decision, the TTAB improperly considered inadmissible evidence that Defendants offered, excluded admissible evidence that Vosk offered, improperly weighed the evidence it did accept, and erred in applying the law.

COMPLAINT -- 6

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

No.

## CAUSES OF ACTION

### Claim 1 - Appeal of TTAB Decision
### (15 U.S.C. § 1071(b))

28.     Vosk repeats and incorporates by reference the allegations stated above.

29.     Vosk is dissatisfied with the TTAB's October 31, 2008, and August 9, 2011, decisions.

30.     The TTAB's October 31, 2008, and August 9, 2011, decisions are final decisions.

31.     Pursuant to 15 U.S.C. § 1071(b), this Court may review a final disposition of the TTAB in connection with a trademark opposition.

32.     The TTAB's October 31, 2008, and August 9, 2011, decisions were unsupported by substantial evidence in accordance with 5 U.S.C. § 702(2)(E).

33.     The Court's review of the TTAB's October 31, 2008, and August 9, 2011, decisions will determine whether: (a) the TTAB erred by improperly considering Defendants' arguments and evidence that should have been excluded; (b) the TTAB erred by improperly excluding Vosk's evidence that should have been admitted; (c) the TTAB erred by improperly weighing the evidence that it did admit; (d) additional evidence to be presented before this Court for *de novo* consideration constitutes grounds for reversal; and (e) whether the TTAB's legal conclusions were based upon a correct application of applicable law.

34.     Vosk elects to appeal the TTAB's decisions by bringing this civil action under 15 U.S.C. § 1071(b).  It seeks an order reversing the TTAB's decisions that sustained the opposition against Vosk's applications to register Vosk's Trademarks and adjudging that Vosk is entitled to register those trademarks.

### Claim 2 - False Designation of Origin
### (15 U.S.C. 1125(a))

35.     Vosk repeats and incorporates by reference the allegations stated above.

36.     Defendants' unauthorized use of design marks that copy identical or confusingly similar distinctive elements of Vosk's Trademarks in connection with the same goods in the

COMPLAINT -- 7

No.

United States constitutes a false designation of origin, false or misleading description and/or false and misleading representation. Such unauthorized use of those stylized design marks is likely to cause confusion, mistake or deception of others as to the affiliation, connection or association of Vosk and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of the Dushesse, extra-cider, and estragon beverages that Vosk sells in the United States.

37.     Such false designations, descriptions and/or representations constitute unfair competition and infringe Vosk's rights in Vosk's Trademarks in violation of 15 U.S.C. § 1125(a).

38.     Vosk has been and will continue to be damaged by such false descriptions, false representations, and false designations of origin in a manner that cannot be measured or compensated in economic terms. Defendants' actions have damaged and will continue to damage Vosk's market, reputation, and goodwill. Such irreparable harm will continue unless Defendants' acts are restrained or enjoined.

39.     Defendants' acts also have damaged Vosk in an amount to be proven at trial.

## Claim Three - Unfair Competition Under Washington Law
### (RCW 19.86)

40.     Vosk repeats and incorporates by reference the allegations stated above.

41.     Defendants' unauthorized use of design marks that copy identical or confusingly similar elements of Vosk's Trademarks in connection with the same goods in the United States constitutes an unfair method of competition and an unfair trade practice, which is damaging to the public interest in violation of the Washington Consumer Protection/Unfair Business Practices Act, RCW 19.86.020.

42.     Defendants' unfair methods of competition occur in trade or commerce and cause injury to Vosk's business, including the loss of sales, customers, and goodwill.

COMPLAINT -- 8

No.

43.     As a result of Defendants' unfair business practices, Vosk has been damaged in an amount to be proven at trial, and will be irreparably harmed if Defendants' wrongful conduct is allowed to proceed.

44.     Pursuant to RCW 19.86.090, Vosk is entitled to its actual damages, an injunction restraining Defendants' unfair competition, its attorney's fees, and exemplary damages.

### JURY DEMAND

45.     Vosk respectfully demands a trial by jury on all claims stated herein.

### PRAYER FOR RELIEF

WHEREFORE, Vosk respectfully requests judgment as follows:

1.      That the Court reverse the TTAB's October 31, 2008, and August 9, 2011, decisions, dismiss Defendants' opposition proceedings, and Order that Vosk's Trademarks be registered;

2.      That the Court issue temporary, preliminary, and permanent injunctive relief against Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants be enjoined and restrained from:

        a.      importing, distributing, advertising, marketing, or selling any beverage in the United States in connection with any trademark that is identical or confusingly similar to Vosk's Trademarks, including an order for impoundment and destruction of any items in Defendants' possession or control bearing infringing trademarks pursuant to 15 U.S.C. §§ 1116, 1118 and 1125(b); or

        b.      assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above;

3.      That the Court enter an Order directing Defendants to file with this Court and serve on Vosk's attorneys within thirty days after service of an injunction, a report in writing,

COMPLAINT -- 9

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

No.

under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.      That the Court enter an Order awarding Vosk its actual damages, Defendants' profits, and exemplary damages pursuant to 15 U.S.C. § 1117 and RCW 19.86.090 in an amount to be determined at trial;

5.      That the Court enter an Order awarding Vosk its reasonable costs and attorney's fees;

6.      That the Court enter an Order awarding Vosk pre- and post-judgment interest; and

7.      That the Court grant such additional relief as it deems just and appropriate.

DATED this 9th day of September, 2011.

By /s/ Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
T (206) 628-0983/F (206) 299-3701
E-mail:  mike@atkinsip.com
Attorneys for Plaintiff Vosk International Co.

COMPLAINT -- 10

No.