**United States Patent and Trademark Office**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

DUNN

      Mailed:  October 31, 2008

      Opposition No. 91168423
      Opposition No. 91169098
      Opposition No. 91169446

      ZAO "GRUPPA PREDPRINYATIJ
      OST" and ZAO "OST-AQUA"[1]

           v.

      VOSK INTERNATIONAL CO.

Before Hairston, Drost, and Taylor, Administrative Trademark Judges:

By the Board:

    This consolidated case comes up on applicant's motion, filed May 2, 2008, for summary judgment on opposer's claim of priority in each of the three oppositions, and applicant's motions to strike opposer's late response to the motion and to exclude the declaration submitted in support of opposer's response, both filed June 30, 2008.  Opposer filed responses to the motion for summary judgment and the motion to strike its late response to the motion.

    With respect to applicant's motion to strike opposer's late response, we note that opposer's response was due June

**Opposition Nos. 91168423, 91169098, and 91169446**

6, 2008, and opposer's response was filed June 9, 2008.  In view of the nature of the potentially-dispositive motion, the brevity of the delay, and counsel's statement that he misinterpreted the Board's rules for the calculation of the due date, we will consider opposer's response to the motion for summary judgment.  Applicant's motion to strike opposer's response is denied.

In each opposition, the opposed application was filed in September 2004 based on an allegation of a bona fide intent to use the mark shown below in commerce.

| App Serial No. 78485896 (Opp. No. 91168423) | App Serial No. 78477780 (Opp. No. 91169098) | App Serial No. 78587835 (Opp. No. 91169446) |
|---|---|---|
| | | |
| Filed September 19, 2004 | Filed September 2, 2004 | Filed September 2, 2004 |

In support of its claims of priority of use and likelihood of confusion, opposer pleads ownership of a pending application for a similar mark used on similar goods, alleging use in commerce since November 11, 2000.[2]  In

---

[1] The joint opposers refer to themselves in the singular throughout their papers, and we will do the same in this order.
[2] In Opposition No. 91168423, opposer also pleads ownership of application Serial No. 76223242.  However, on December 19, 2007 application Serial No. 76223242 was abandoned for failure to file a statement of use.

2

**Opposition Nos. 91168423, 91169098, and 91169446**

Opposition Nos. 91169098 and 91169446, opposer also alleges that since November 2000 applicant has acted and continues to act as opposer's distributor of goods bearing the mark. In each proceeding, applicant filed an answer denying the salient allegations of the notice of opposition.  Discovery has closed.

A party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, and that it is entitled to judgment as a matter of law.  *Copelands' Enterprises Inc. v. CNV Inc*., 945 F.2d 1563, 20 USPQ2d 1295 (Fed. Cir. 1991).  If the moving party supports its motion with evidence which if unopposed would establish its right to judgment, the nonmoving party must proffer countering evidence showing that there is a genuine factual dispute for trial.  Fed. R. Civ. P. 56(e); *Octocom Systems Inc. v. Houston Computer Services Inc*., 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990).

Here, applicant argues that opposer cannot demonstrate use prior to applicant's constructive use date because the specimens submitted in support of opposer's applications should not have been accepted, because the evidence of use produced by opposer during discovery is inadequate, and because there was not a relationship between the parties which would warrant applicant's use inuring to opposer's benefit.  Applicant submits the declaration of Hrachik

3

**Opposition Nos. 91168423, 91169098, and 91169446**

Voskanyan, general partner of applicant, which avers that the label showing one of the marks pleaded by opposer, produced by applicant in discovery, "is a temporary label used in the beverage industry for use with a limited amount of product sales." Applicant also submits the affidavit of counsel with attached USPTO printouts of the opposed and pleaded applications, two contracts between the parties, and the statement that applicant served opposer with discovery requests. With its reply brief, applicant submits excerpted pages from opposer's discovery responses indicating that opposer agreed to produce responsive documents showing use of the pleaded marks.

In its opposition to the motion, opposer contends that it entered the US market with goods bearing the three different marks in 2002 through a distributor, subsequently arranged for applicant to be its exclusive US distributor, and that applicant's use inured to opposer's benefit. Opposer's response was accompanied by the deposition testimony of Hrachik Voskanyan, general partner of applicant, and the declaration of counsel Maria Eliseeva.

Before addressing the merits of the motion for summary judgment, we take up applicant's motion to exclude the declaration of counsel Maria Eliseeva submitted with

4

**Opposition Nos. 91168423, 91169098, and 91169446**

opposer's response.[3]  Applicant requests that we exclude the declaration on the grounds that it is unreliable and highly prejudicial.  Applicant's objections go to the weight to be accorded the declaration.  In view thereof, we decline to exclude the declaration, but rather will accord it the appropriate probative value.[4]  Applicant's motion to exclude the declaration is denied.

DISCUSSION

Turning to applicant's motion for summary judgment on the ground that opposer cannot establish its claim of priority, the Board will not re-examine trademark applications or review in an inter partes proceeding the ex parte decision to accept applicant's specimens of use. Whether a party submitted adequate evidence of trademark use with its application is not a matter which precludes the submission by the party of more or different evidence of use to the Board.  See *Saint-Gobain Abrasives, Inc. v. Unova Industrial Automation Systems, Inc.*, 66 USPQ2d 1355, 1359 (TTAB 2003)("It would be manifestly unfair to penalize

---

[3]   Rather than filing both a reply brief and a motion to exclude the Eliseeva declaration, the better practice would have been for applicant to have included its objections to the declaration in its reply brief.

[4]   Applicant also alleges that the declaration should be stricken as not conforming to federal requirements for an unsworn declaration under 28 U.S.C. 1746.  This argument has no merit because the declaration comports with Trademark Rule 2.20.

5

**Opposition Nos. 91168423, 91169098, and 91169446**

defendant for non-compliance with a requirement that was never made by the Examining Attorney."). Accordingly, the Board finds no merit to applicant's arguments regarding the specimens submitted in connection with opposer's pleaded applications.

We similarly are unpersuaded by the declaration averring that the evidence of use supplied in discovery is insufficient as a temporary label. Nothing prohibits the registration of a mark in an application that contains only temporary specimens, provided that the specimens were actually used in commerce. *In re Chica, Inc.*, 84 USPQ2d 1845, 1847-1848 (TTAB 2007). To the extent that applicant's motion argues that opposer cannot establish its priority because the label is the exclusive evidence of opposer's use produced in discovery, applicant has not provided evidence on this point. That is, applicant submitted a declaration stating that it served discovery, and opposer's discovery responses indicating that opposer agreed to produce responsive documents showing use of the pleaded marks. The record does not indicate what evidence of use by opposer was provided to applicant in discovery, or whether the discovery responses were comprehensive or representative.[5] Accordingly, applicant's submission does not establish that

**Opposition Nos. 91168423, 91169098, and 91169446**

the label is opposer's only evidence of use of three marks in commerce.

While we agree with applicant that the contracts between the parties do not establish that applicant was a distributor of beverages bearing the three marks whose use inured to opposer's benefit, this evidence does not demonstrate that opposer will be unable to prove priority. While applicant argues that the contracts establish a buyer/seller relationship, and opposer argues that they establish a manufacturer/distributor relationship, we need reach neither point. The March 18, 2004 contract, which was superceded after three months, makes a single reference to the term DUCHESSE when describing the subject of the contract. The September 18, 2004 contract, in force until December 31, 2007, refers to the subject of the contract as "alcohol-free production belonging to the Supplier" and does not include any reference to the opposed marks or opposer's variants of those marks. Accordingly, the contracts alone do not establish either party's use of the marks at issue in this proceeding.

The Eliseeva declaration submitted by opposer, offered to establish that opposer has used its marks in commerce with the goods through a distributor since 2002, and that

---

[5] To the extent that applicant argues that opposer was deficient in carrying out its discovery obligations, this argument should have been addressed in a timely motion to compel.

7

applicant was opposer's distributor of beverages bearing the three marks from 2004-2005, has little probative value.  The declaration, which establishes that counsel is bilingual in Russian and English, has a single page undated exhibit in Russian, and no translation of that exhibit.  The declaration includes counsel's description of the provisions of the exhibit as including, signed by opposer's Director, a list of opposer's US distributors, including applicant, and a list of opposer's annual sales of beverages sold with opposer's three marks.  We agree with applicant that a translation of the exact terms, and not merely counsel's interpretation of those terms, is necessary, and that the declaration is "devoid of any explanation as to the date or circumstances surrounding the creation of the exhibit."  If applicant had established its right to judgment, the Eliseeva declaration would not suffice to establish a genuine factual dispute.

Because there is no evidentiary basis for applicant's position that opposer will be unable to prove its priority, genuine issues of material fact remain as to both priority and likelihood of confusion.[6]  Accordingly, applicant's motion for summary judgment is denied.

---

[6]    The parties are reminded that evidence submitted in connection with a motion for summary judgment is of record only for purposes of that motion.  *See* TBMP §528.05(a).  The summary judgment evidence will not form part of the evidentiary record to be considered at final hearing unless it is properly introduced

**Opposition Nos. 91168423, 91169098, and 91169446**

Proceedings herein are resumed, and trial dates are reset below.

| | |
|---|---|
| DISCOVERY PERIOD TO CLOSE: | **December 19, 2008** |
| Thirty-day testimony period for party in position of plaintiff to close: | **March 19, 2009** |
| Thirty-day testimony period for party in position of defendant to close: | **May 18, 2009** |
| Fifteen-day rebuttal testimony period to close: | **July 2, 2009** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

***

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended.  Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007.  For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

---

in evidence during the appropriate trial period. *See Levi Strauss & Co. v. R. Josephs Sportswear Inc.*, 28 USPQ2d 1464 (TTAB 1993).

9

**Opposition Nos. 91168423, 91169098, and 91169446**


By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date.  However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board.  Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval.  The standard protective order can be viewed using the following web address:

http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm