The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOSK INTERNATIONAL CO., Plaintiff, vs. ZAO GRUPPA PREDPRIYATIJ OST and ZAO OST AQUA, Defendants. | No. 11-1488 RSL<br>VOSK'S *EX PARTE* MOTION FOR LEAVE TO SERVE DEFENDANTS BY ALTERNATIVE MEANS<br>NOTE ON MOTION CALENDAR: October 11, 2011 |

**INTRODUCTION**

Plaintiff Vosk International Co. ("Vosk") brings this action pursuant to 15 U.S.C. § 1071(b)(1) to appeal the U.S. Trademark Trial and Appeal Board's ("TTAB") final decision sustaining defendants Zao Gruppa Predpriyatij Ost's and Zao Ost Aqua's ("Defendants") opposition to Vosk's applications to register three trademarks with the U.S. Patent and Trademark Office.

Defendants are Russian companies. Although Russia signed the Hague Convention, it refuses to serve process on Russian citizens on behalf of U.S. plaintiffs until its years-long dispute with the United States is resolved. This leaves U.S. plaintiffs unable to serve Russian defendants through Hague Convention procedures. As the U.S. State Department explains, "requests sent [via diplomatic channels or] directly by litigants to the Russian Central Authority



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

under the Hague Convention are returned unexecuted."[1] Consistent with this statement, Courts have come to recognize that attempts to serve Russian defendants through the Hague Convention are futile. To remedy this problem, courts authorize service on Russian defendants through alternative means, including on their U.S.-based attorneys. Vosk respectfully requests that the Court grant it leave to effect alternative service on Defendants in this case by serving English and Russian-language copies of its summonses and complaint on the U.S. attorneys Defendants engaged to represent them in the TTAB proceedings from which Vosk now appeals. Federal Rule of Civil Procedure 4(f)(3) authorizes such service, and it is appropriate here.

Though Vosk for practical purposes is forced to bring this motion *ex parte*, it has given Defendants and their domestic attorneys notice of this motion.

## FACTS

### A. Parties

Vosk is engaged in the business of marketing, distributing, offering for sale, and selling beverages. Its principal place of business is located in Bellevue, Washington. Declaration of Michael Atkins (filed herewith) ("Atkins Decl.") at ¶ 2.

Defendants also are engaged in the business of marketing, distributing, offering for sale, and selling beverages. Their principal place of business is located in Noginsk, Moskovskaya oblast, Russia. *Id.* at ¶ 3.

### B. Vosk's Trademark Applications

In September 2004, Vosk applied to register three trademarks with the U.S. Patent and Trademark Office: KCTPA-CNTP EXTRA-CIDER and Design (Serial No. 78477812) in International Class 32 in connection with "non-alcoholic beverages, namely sparkling water";

---

[1] *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237-38 (Fed. Cir. 2010) (emphasis added) (quoting U.S. State Department website), *cert. denied*, 131 S. Ct. 3091 (U.S. 2011); Declaration of Michael Atkins at Ex. B (excerpt from U.S. State Department website).



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

TAPXYH ESTRAGON and Design (Serial No. 78477780) in International Class 32 in connection with "non-alcoholic beverages, namely flavored water"; and DIOWEC DUSHESSE and Design (Serial No. 78485896) in connection with "non-alcoholic beverages, namely flavored sparkling water." *Id*. at ¶ 4.

In September, October, and November 2005, the PTO approved Vosk's applications to register its trademarks and published them for opposition. *Id*. at ¶ 5.

**C. <u>The Opposition Proceedings</u>**

In January and February 2006, Defendants opposed Vosk's applications (Opposition Nos. 91168423, 91169098, and 91169446), alleging prior use of almost identical trademarks. Defendants were represented in the proceeding by a number of U.S.-based lawyers. Maria Eliseeva of the Lexington, Massachusetts, law firm of Houston Eliseeva, LLP, argued the case before the TTAB on Defendants' behalf.[2] *Id*. at ¶ 6

The TTAB consolidated Defendants' oppositions for trial. On August 9, 2011, it rendered a decision sustaining the oppositions. *Id*. at ¶ 7.

**D. <u>Vosk's Appeal</u>**

On September 9, 2011, Vosk brought the instant action appealing the TTAB's decision and seeking additional relief against Defendants pursuant to 15 U.S.C. § 1071(b)(1). *Id*. at ¶ 8.

The TTAB docket indicates that Ms. Eliseeva and Houston Eliseeva, LLP, remain Defendants' attorneys of record pending resolution of the instant appeal. *Id*. at ¶ 9, Ex. A.

---

[2] Defendants were also represented at the hearing by Washington, D.C., attorney Carla Calcagno of Calcagno Law PLLC, whose whereabouts are currently unknown to Vosk. *Id*. at ¶ 6.



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

**E. Vosk's Notice of the Instant Motion**

Though Vosk brings this motion *ex parte*, it notified Defendants – both directly and through their U.S. attorneys – that it filed this motion, as the attached Certificate of Service indicates. *Id*. at ¶ 10.

## AUTHORITY[3]

**The Court Should Grant Vosk Leave to Serve Defendants By Alternative Means Because Attempts to Serve Them Through the Hague Convention Would Be Futile.**

**1. Service on Russian defendants through the Hague Convention is impossible.**

The Federal Circuit recently acknowledged that service on Russian defendants through the Hague Convention[4] is impossible. In *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 3091 (U.S. 2011), the plaintiff sued a Russian defendant for patent infringement. The U.S. District Court for the Northern District of California dismissed the Russian defendant *sua sponte*, finding that plaintiff did not attempt to serve it through the Hague Convention and, therefore, its service was improper. The Federal Circuit reversed, finding a plaintiff need not go through the motions of attempting Hague Convention service when it has become evident the Russian government will refuse to effect such service. *Nuance Communications, Inc*., 626 F.3d at 1229.

In other words, the Federal Circuit found that attempting Hague Convention service on Russian defendants would be futile. It noted:

---

[3] Copies of the unpublished cases cited herein and authorized by Ninth Circuit Rule 36-3(b) are submitted herewith.

[4] The Hague Convention, or Convention on Service Abroad of Extrajudicial Documents in Civil and Commercial Matters, was intended "to provide a simpler way to serve process abroad. . . ." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). It is a "multi-national treaty that governs service of summons on persons in signatory foreign countries." *Nuance Communications, Inc*., 626 F.3d at 1237. "Each member state must establish a 'central authority' for receiving and processing requests for service upon defendants residing within the state." *Id*. "Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Id*. "A signatory to the Convention may also consent to other methods of service within its boundaries, but the Russian Federation has objected to service under these provisions." *Id*.



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

> According to a Bureau of Consular Affairs circular published by the U.S. State Department on Russia Judicial Assistance, "requests sent [via diplomatic channels or] directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted." Further, the State Department warns that "in the absence of a direct channel for U.S. judicial assistance, U.S. courts and litigants will explore other methods to effect service of process," such as service via an agent of the Russian Federation. This resulted because the Russian Federation "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003."

*Nuance Communications, Inc.*, 626 F.3d at 1237-38 (emphasis added) (quoting U.S. State Department website); Atkins Decl. at Ex. B (excerpt from U.S. State Department website). The court also accepted testimony from the plaintiff's international process server that "the Russian Federation does not consider the Hague Service Convention to be in effect between the Russian Federation and the United States, making service via the Hague Service Convention in the Russian Federation not possible." *Nuance Communications, Inc.*, 626 F.3d at 1238.

The *Nuance* decision remains the most authoritative word on the state of Hague Convention service in Russia. *See, e.g.*, *Xcentric Ventures, LLC v. Karsen, Ltd.*, No. 11-1055-PHX-FJM, 2011 WL 3156966, *2 (D.Ariz. July 26, 2011) (citing *Nuance* for the proposition that "Russia unilaterally suspended all judicial cooperation with the United States in 2003"); *Starski v. Kirzhnev*, No. 06-10157-DPW, 2011 WL 923499, *4 (D.Mass. March 15, 2011) (same); *In re Cyphermint, Inc.*, 445 B.R. 11, 15 (Bkrtcy.D.Mass. 2011) (citing *Nuance* and stating "as the Chapter 7 trustee notes, he attempted service on the defendants via the Russian Federation's Central Authority but the summonses were returned unexecuted, a result consistent with that experienced by other courts and noted by the United States Department of State"). *Accord*, *Arista Records LLC v. Media Services LLC*, No. 06-15319-NRB, 2008 WL 563470, *2 (S.D.N.Y. Feb. 25, 2008) ("the record is plain that the Central Authority of the Russian Federation denies all requests for service of process originating from the United States").

Given this state of the law, it would be futile for Vosk to attempt to serve Defendants through Hague Convention procedures.



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

**2. Given the futility of Hague Convention procedures, the Court should grant Vosk leave to serve Defendants through their U.S.-based lawyers.**

Given the futility of Hague Convention procedures, the Court should grant Vosk leave to serve Defendants through their U.S.-based lawyers. "Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) (citations omitted). Rule 4(f)(3) permits service "by . . . means not prohibited by international agreement as may be directed by the court." Fed.R.Civ.P. 4(f)(3). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Properties, Inc.*, 284 F.3d at 1014.

"The Advisory Committee Note to Rule 4 explains that Rule 4(f)(3) is particularly appropriate where a signatory to the Hague Service Convention has 'refused to cooperate for substantive reasons.'" *Nuance Communications, Inc*., 626 F.3d at 1239, *quoting* Fed.R.Civ.P. 4, Advisory Committee Note to Subdivision (f) (1993). "The Advisory Committee Note further explains that service under 4(f)(3) might be justified when the foreign country's central authority 'refuses to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States.'" *Id., quoting* Advisory Committee Note. Court-ordered alternative means of service need only be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id., quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Substituted service on the Defendants' domestic attorneys would satisfy these requirements. As the *Nuance* court noted, "[s]ubstituted service under Rule 4(f)(3) has . . . been specifically used to serve litigants from the Russian Federation in multiple U.S. courts. *Nuance Communications, Inc*., 626 F.3d at 1239 (citations omitted). This includes substituted service on



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

Russian defendants' U.S.-based attorneys. *See, e.g., Arista Records*, 2008 WL 563470 at *1 (directing substitute service of process on Russian defendant's U.S.-based attorneys); *In re Potash Antitrust Litig.*, 667 F.Supp.2d 907, 930 (N.D.Ill. 2009) (same; concluding, "if we did not allow alternative service, "it would basically thwart [the Russian Defendants] from ever being served in this case and would stall litigation.") (citation omitted) (brackets in original) *vacated on other grounds and remanded sub nom. Minn-Chem, Inc. v. Agrium Inco.*, No. 10-1712, 2011 WL 4424789 (7th Cir. Sept. 23, 2011); *RSM Production Corp. v. Fridman*, No. 06-1151-DLC, 2007 WL 2295907, *1-6 (S.D.N.Y. Aug. 10, 2007) (same).

In *Rio Properties*, the Ninth Circuit similarly upheld a district court's order granting the plaintiff leave to serve a Costa Rican corporation, among other means, by serving its U.S.-based attorney. *Rio Properties, Inc.*, 284 F.3d at 1017. In so finding, the court concluded that such service passed due process muster: "Without hesitation, we conclude that each alternative method of service of process ordered by the district court was constitutionally acceptable." *Id*. Courts have likewise found that service on Russian defendants' U.S.-based attorneys is not prohibited by international agreement. *See, e.g., Nuance Communications, Inc.*, 626 F.3d at 1239 ("federal law plainly permits service on Defendants' . . . domestic counsel"), *quoting In re Cathode Ray Tube Antitrust Litig.*, No. 07-5944, 2008 WL 4104341, at *1 (N.D.Cal. Sept. 3, 2008); *Arista Records LLC*, 2008 WL 563470 at *2 n.7 ("Neither the Hague Service Convention nor apparently any other current international agreement between the United States and the Russian Federation prohibits service on a Russian defendant through service on his counsel in the United States.") (citations omitted).

The Court should grant Vosk leave to serve Defendants through the U.S.-based attorneys that represented them – and indeed, continue to represent them – in the underlying TTAB proceeding for the same reasons the courts cited above granted such relief to plaintiffs attempting to serve Russian defendants in those cases. Vosk cannot serve Defendants through



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

Hague Convention procedures, and serving Defendants' U.S.-based attorneys who are knowledgeable about the case from which Vosk now appeals would satisfy due process requirements. Such service – with papers written in English and translated into Russian – would be "reasonably calculated" to apprise Defendants of "the pendency of the action" and would "afford them an opportunity to present their objections." *Nuance Communications, Inc.*, 626 F.3d at 1239, *quoting Mullane*, 339 U.S. at 314.

**3. Vosk need not exhaust attempts to serve Defendants through other means.**

Finally, Vosk need not attempt to serve Defendants through the Hague Convention, by personal service in Russia, or through other methods before seeking leave to serve them through alternative means. As the Ninth Circuit explained, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio Properties, Inc.*, 284 F.3d at 1015. "[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.*, *citing Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 23 (D.Me. 2001). "It is merely one means among several which enables service of process on an international defendant." *Id.*

The *Nuance* court similarly found that "Rule 4 'was not intended to burden plaintiffs with the [S]isyphean task of attempting service through the Hague Convention procedures when a member state has categorically refused' to effect service." *Nuance Communications, Inc.*, 626 F.3d at 1238, *quoting Arista Records LLC*, 2008 WL 563470, at *1. "Indeed, numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention." *Id.*, *citing In re LDK Solar Sec. Litig.*, No. 07-05182, 2008 WL 2415186, at *2 (N.D.Cal. June 12, 2008), *In re Potash Antitrust Litig.*, 667 F.Supp.2d at 931, and *Arista Records*, 2008 WL 563470, at *1-2. As discussed above, the *Nuance* court even concluded it



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

was reversible error for the district court to dismiss the plaintiff's claims against a Russian defendant simply because the plaintiff did not serve the defendant under the Hague Convention. *Id*.

For these reasons, Vosk need not demonstrate that it has exhausted other efforts to serve the Defendants before bringing this motion. No such prerequisite exists.

**CONCLUSION**

Vosk cannot serve Defendants through the Hague Convention. Therefore, it respectfully moves the Court under Rule 4(f)(3) for permission to serve Defendants through their U.S.-based attorneys who represented (and continue to represent) Defendants in the TTAB action from which Vosk now appeals. Granting Vosk the leave that it requests would cure Vosk's inability to serve Defendants through ordinary means and would satisfy due process requirements that Vosk's service fairly notify Defendants of the instant lawsuit and give them an adequate opportunity to respond.

DATED this 11th day of October, 2011.

By /s/ Michael G. Atkins

Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
T (206) 628-0983/F (206) 299-3701
E-mail: mike@atkinsip.com
Attorneys for Plaintiff Vosk International Co.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I served a true and correct copy of the document as follows:

| | |
|---|---|
| Zao Ost-Aqua<br>Zao Gruppa Predpriyatij Ost<br>Chernogolovka, ul.<br>Trety proyezd d. 16 Noginsky Rayon<br>Moskovskaya obl., 142 432<br>Russia<br><br>Defendants | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Express Mail<br>☐ Facsimile<br>☐ Email<br>☐ ECF |
| Maria Eliseeva<br>Houston Eliseeva, LLP<br>420 Bedford St., Suite 155<br>Lexington, MA 02420<br><br>Attorneys for Defendants in TTAB Proceeding | ☒ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Express Mail<br>☐ Facsimile<br>☒ Email<br>☐ ECF |

Dated: October 11, 2011

s/Michael G. Atkins
Michael G. Atkins
WSBA #26026
mike@atkinsip.com
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818



**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701