# Russia Judicial Assistance

**Disclaimer:** The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case.  Questions involving interpretation of specific foreign laws should be addressed to foreign counsel.  This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law.  The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

- Summary
- Criminal Matters
- Defense Requests in Criminal Matters
- Authentication of Documents
- Enforcement of Judgments
- Lists of Attorneys in Russia
- U.S. Embassy Address and Contact Information
- Links

**Summary:** Judicial assistance between the United States and the Russian Federation is governed by the Vienna Convention on Consular Relations (VCCR), 21 UST 77, TIAS 6820, 596 U.N.T.S. 261 and the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 20 UST 361; to which the United States and the Russian Federation are parties.  The United States has not accepted the Russian Federation's accession to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters because the Russian Federation does not have a working Central Authority under that Convention.

==In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention or to execute letters rogatory requesting service of process transmitted via the diplomatic channel.==  The Russian Federation also declines to give consideration to U.S. requests to obtain evidence.  ==While the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via the diplomatic channel, in the Department's experience, all such requests are returned unexecuted.  Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted.==

Russia's policy in these matters is assertedly based on objections to a fee, imposed by the United States on June 1, 2003, for all requests for service from any foreign country whether submitted under the Hague Service Convention or via the diplomatic channel.  This fee is designed to cover the costs incurred by a private contractor hired by the U.S. Department of Justice to administer the service functions of the U.S. Central Authority for the Hague Service Convention.  Such fees

Exhibit B - 1