UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOSK INTERNATIONAL CO., <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>ZAO GRUPPA PREDPRIYATIJ OST and ZAO OST AQUA, <br><br>　　　　Defendants. | Case No. C11-1488RSL <br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE DEFENDANTS BY ALTERNATIVE MEANS |

　　　　This matter comes before the Court on Plaintiff's "Ex Parte Motion for Leave to Serve Defendants by Alternative Means" (Dkt. # 8).  Plaintiff contends that it cannot serve the Defendants, each of which are Russian companies, pursuant to the Hague Convention because "[a]lthough Russia signed the Hague Convention, it refuses to serve process on Russian citizens on behalf of U.S. plaintiffs."  Id. at 1.  Having considered Plaintiff's motion, the pleadings, and the documents filed in this case, and otherwise deeming itself fully informed, the Court finds:

　　1.　Defendants are corporations that have their principle places of business in Noginsk, Moskovskaya oblast, Russia.

　　2.　The Russian Federation "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003."  Nuance Commc'ns., Inc. v. Abbyy Software House, 626 F.3d 1222, 1238 (Fed.

ORDER GRANTING PLAINTIFF'S
*EX PARTE* MOTION FOR LEAVE
TO SERVE DEFENDANTS BY
ALTERNATIVE MEANS - 1

      Cir. 2010).  As a result, the State Department has reported that "requests sent [via diplomatic channels or] directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted."  Id. at 1237.

3. Federal Rule of Civil Procedure 4(h)(2) permits service of a foreign corporation in any manner described by Rule 4(f) other than (f)(2)(C)(i).

4. The Ninth Circuit has recognized that "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Rio Props., Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002) (footnote omitted).  And, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"  Id.  A party need not "attempt[] service by other methods, including through diplomatic channels or letters rogatory, before resort[ing] to court-ordered service under Rule 4(f)(3)."  Id. at 1015–16.

5. The Court in Rio Properties explicitly endorsed the district court's order directing the plaintiff to serve the defendant by delivering a copy of the summons and the complaint via U.S. mail to the attorney representing the defendant's interests in the United States.  Id. at 1012, 1017.

6. Defendants in this case were represented by Maria Eliseeva, Esq., Houston Eliseeva, LLP, 420 Bedford St., Suite 155, Lexington, MA 02420, in the U.S. Trademark Trial and Appeal Board proceeding from which Plaintiff now appeals.  Ms. Eliseeva and Houston Eliseeva, LLP, continue to represent Defendants' interests in that matter.  Plaintiff represents that it gave notice of this motion to both Defendants and Defendants' counsel.

ORDER GRANTING PLAINTIFF'S
*EX PARTE* MOTION FOR LEAVE
TO SERVE DEFENDANTS BY
ALTERNATIVE MEANS - 2            -2-

1  In light of these findings, the Court HEREBY ORDERS that Plaintiff in this case may serve Defendants by delivering a copy of the summonses and complaint (both in English and translated into Russian) via U.S. Mail to (1) Maria Eliseeva, Esq., Houston Eliseeva, LLP, 420 Bedford St., Suite 155, Lexington, MA 02420, and (2) Defendants in Russia.

DATED this 14th day of October, 2011.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
*EX PARTE* MOTION FOR LEAVE
TO SERVE DEFENDANTS BY
ALTERNATIVE MEANS - 3                -3-