1

2

3

4

5

6                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
7                                AT SEATTLE

8    VOSK INTERNATIONAL CO.,

9              Plaintiff,                    Case No.  C11-1488RSL

10         vs.

11   ZAO GRUPPA PREDPRIYATIJ OST           ORDER GRANTING
     and ZAO OST AQUA,                     PLAINTIFF'S MOTION TO
12                                         DISMISS COUNTERCLAIMS
               Defendants.
13

14         This matter comes before the Court on Plaintiff's "Motion to Dismiss

15   Defendants' Counterclaims" (Dkt. # 31).  Plaintiff notes that Defendants have

16   affirmatively pleaded that they assigned "[a]ll of the[ir] rights in the trademark

17   applications" at issue to a third-party, Answer (Dkt. # 29) at 2; see Dkt. # 29-1 at 4

18   (assigning "all rights, title, and interest"), and thus argue that Defendants lack standing

19   to assert any of their counterclaims.  Notably, Defendants agree, stating:  "The named

20   Defendants have no legal interest in the trademarks that are at issue in this case."  Resp.

21   (Dkt. # 33) at 1.  They ask the Court to either substitute their successor-in-interest or

22   dismiss Plaintiff's Complaint for failure to join an indispensable party pursuant to

     Federal Rule of Civil Procedure 12(b)(7).

23         For the reasons set forth below, the Court GRANTS Plaintiff's motion.  It

24   DENIES Defendants' request as improperly raised.

25

26   ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS - 1

# I. BACKGROUND[1]

Plaintiff is a Washington general partnership doing business in King County, Washington.  Complaint (Dkt. # 1) at ¶ 2.  Since 1997, Plaintiff has been engaged in the business of marketing, distributing, offering for sale, and selling beverages throughout the United States.  Id. at ¶ 2.

Defendant Zao Gruppa Predpriyatij Ost and Defendant Zao Ost Aqua are Russian companies that manufacture, bottle, and sell several popular non-alcoholic drinks in Russia.  Id. at ¶¶ 3–4, 11.  Defendant Zao Gruppa Predpriyatij Ost owns and operates Defendant Zao Ost Aqua.  Id. at ¶ 3.

On March 18, 2004, Plaintiff contracted with Defendant Zao Ost Aqua to purchase its "Dushesse, extra-cider, and estragon drinks."  Id. at ¶ 12.  The contract required Defendant to, among other things, alter its formula according to Plaintiff's specifications and use Plaintiff's English-language labels, which contained product names and original stylized designs.  Id.; see id. at ¶ 13.  That summer, Plaintiff began importing and selling Defendant's drinks in the United States.  Id. at ¶ 15.

In September 2004, Plaintiff filed applications with the United States Patent and Trade Office ("PTO") to register the names of the three drinks, "KCTPA-CNTP EXTRA-CIDER," "TAPXYH ESTRAGON," and "DIOWEC DUSHESS," as well as each of the label designs, as international trademarks.[2]  Id. at ¶¶ 16–17.  The PTO eventually approved each of Plaintiff's applications and published them for opposition.  Id. at ¶ 18.  In 2006, Defendants filed oppositions to each; the TTAB consolidated each of these objections into a single case for trial.  Id. at ¶¶ 19–21, 23.

On August 9, 2011, the TTAB sided with Defendants, sustaining each of their

---

[1]  The Court "accepts as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992. 998 (9th Cir. 2010).

[2]  It appears that Defendant Zao Gruppa Predpriyatij Ost sought to register its own similar trademarks in or around the time of Plaintiff's filing.  Mot. (Dkt. # 31) at 2.

oppositions.  Id. at ¶ 26.  Pursuant to 15 U.S.C. § 1071(b), Plaintiff filed the instant suit 31 days later to appeal the TTAB's decision.  It alleges that "the TTAB improperly considered inadmissible evidence that Defendants offered, excluded admissible evidence that [Plaintiff] offered, improperly weighed the evidence it did accept, and erred in applying the law."  Id. at ¶¶ 27–34.  Plaintiff also alleges a false designation of origin claim under 15 U.S.C. § 1125(a), id. at ¶¶ 35–39, and a Washington unfair competition claim under RCW 19.86, id. at ¶¶ 40–44.

In their Answer, Defendants deny each of Plaintiff's claims.  Dkt. # 29.  They also assert counterclaims for trademark infringement and false designation of origin under section 43(a) of the Lanham Act and derivatively under Washington's Consumer Protection Act.  Id.  Moreover, they ask the Court to enter a declaration of non-infringement in their favor, as well as a declaration that "Ost and 'Aqua-Life', [sic] as successor-in-interest by assignment, hold sole right, title and interest in the trademarks" at issue.  Id.  Finally, they request the destruction of all infringing articles.  Id.

## II.  DISCUSSION

Plaintiff's position is simple:  First, they contend that Defendants lack standing to assert their claims for infringement and false designation of origin, as well as their derivative Consumer Protection Act claim, because "[a] party asserting a claim under Section 43(a) of the Lanham Act for false designation of origin or infringement of an unregistered trademark either must have 'a commercial interest in the product wrongfully identified with another's mark,' or a 'commercial interest in the misused mark,'" and Defendants have neither.  Mot. (Dkt. # 31) at 6–8 (citing Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1109–10 (9th Cir. 1992), and Blewett v. Abbott Labs., 86 Wn. App. 782, 787 (1997) (finding no standing under RCW 19.86.020 when no standing existed under the analogous federal statute)).  Second, they argue that Defendants lack Article III standing to seek declaratory relief because they no longer have any legal interest in the trademarks or products at issue.  Id. at 9–10 (citing

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS - 3

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (concluding that claims for declaratory relief must be "definite and concrete, touching the legal relations of parties having adverse legal interests . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts"), and Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) ("Mootness is the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).")).

As noted, Defendants do not disagree.  Resp. (Dkt. # 33) at 1.  They concede that they lack statutory and constitutional standing to assert any of their counterclaims, but ask the Court to either substitute their successor-in-interest, "Aqua-Life," in this action or dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7).  Id.  The Court focuses first on Defendants' concession, which it finds dispositive as to the merits of Plaintiff's motion.  Because the party asserting a Lanham Act claim must "plead and prove facts showing a 'real interest' in the proceeding in order to establish standing," Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1228–29 (9th Cir. 2008) (citations omitted), and Defendants disclaim any such interest, the Court GRANTS Plaintiff's motion to dismiss Defendants' Lanham Act counterclaims.  And because Defendants also disclaim any personal interest in their requests for declaratory relief, the Court likewise orders those counterclaims DISMISSED.  See MedImmune, 549 U.S. at 127; Blatchford, 38 F.3d at 1509.

Next, the Court considers Defendants' request.  For the reasons set forth by Plaintiff, see Reply (Dkt. # 35), the Court DENIES each as improperly raised.  The requirement that a party raise such issues by motion is not a mere formality; it serves the important purpose of allowing the responding party adequate time to research and brief its response.  See Local Civil Rule 7.  Moreover, to the extent Defendants argue that Aqua-Life is an indispensable party, the Court notes that § 1071(b)(4) only

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS - 4

requires that Plaintiff file suit "against the party in interest as shown by the records of the United States Patent and Trademark Office <u>at the time of the decision complained of</u>" to initiate its appeal.  § 1071(b)(4) (emphasis added).  In this case, the relevant date is August 9, 2011, and Defendants have not provided any evidence that they were no longer the recorded party in interest, per the PTO, as of that date.  <u>See</u> Dkt. # 29-1 at 4.

For all of the foregoing reasons, the Court GRANTS Plaintiff's request to dismiss Defendants' counterclaims for lack of standing.  It DENIES as improperly raised Defendants' requests to either substitute its successor-in-interest or dismiss Plaintiff's Complaint under Rule 12(b)(7).  Aqua-Life may file a motion to intervene if it wishes to participate in this case.[3]  <u>See, e.g.</u>, <u>Sw. Ctr. For Biological Diversity v. Berg</u>, 268 F.3d 810, 817 (9th Cir. 2001) (noting Rule 24 requirements).

DATED this 20th day of July, 2012.

*MM S Lasnik*

Robert S. Lasnik
United States District Judge

---

[3]  The Court notes that § 1071(b)(4) states that "any party in interest may become a party to the action."

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS - 5