UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOSK INTERNATIONAL CO.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ZAO GRUPPA PREDPRIYATIJ OST AND ZAO OST AQUA,<br><br>　　　　　Respondent. | Case No. C11-1488RSL<br><br>ORDER GRANTING MOTION TO INTERVENE AND DENYING MOTION TO REINSTATE DEFAULT |

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's "Motion to Reinstate the Court's Order of Default" (Dkt. # 38) and Aqua-Life's "Motion and Memorandum to Intervene" (Dkt. # 40). Plaintiff seeks reinstatement of the Court's earlier default judgment, in part because Defendants have dissolved and no longer have any rights to the trademarks underlying the Trademark Trial and Appeal Board's ("TTAB") decision of which Plaintiff seeks review. Ltd. "Aqua-Life" ("Aqua Life") seeks to intervene as the sole party with rights to the trademarks.

After the Defendants filed a special appearance in the case, the Court granted Defendants' motion to vacate the earlier entry of default and denied Defendants' motion to dismiss for lack of jurisdiction. Order (Dkt. # 24) at 11. In July, the Court granted Plaintiff's request to dismiss Defendants' counterclaims and denied Defendants' request to substitute its successor-in-interest or dismiss Plaintiff's Complaint under Rule

ORDER GRANTING MOTION
TO INTERVENE, DENYING
MOTION TO REINSTATE DEFAULT- 1

12(b)(7) because their request was not raised properly under the Local Rules. Order (Dkt. # 37) at 5. The Court instructed Aqua-Life to file a motion to intervene if it wishes to participate in this case. Id.

For the reasons set forth below, the Court GRANTS Aqua-Life's motion to intervene and DENIES Plaintiff's motion to reinstate default.

## II. DISCUSSION

This case arises out of the TTAB's decision to reject Plaintiff's applications to register three trademarks. Complaint (Dkt. #1) at 3-6. Defendants opposed the registration of the trademarks based on its own trademarks and the TTAB sustained Defendants' oppositions. Id. On April 12, 2010, Defendants assigned their rights to the trademarks to Aqua-Life. Motion to Intervene (Dkt. # 40) at 2. Aqua-Life is Russian company that, like Defendants, manufactures, bottles and sells non-alcoholic drinks. Motion to Vacate Default (Dkt. # 16) at 6.

Aqua-Life asserts that it should be permitted to intervene as of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2) because it is the only party with an interest in the underlying decision by the TTAB. Motion to Intervene (Dkt. # 40) at 3. Under Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who...claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

To intervene as of right under Rule 24, an applicant must show that four requirements are met: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not

ORDER GRANTING MOTION
TO INTERVENE, DENYING
MOTION TO REINSTATE DEFAULT- 2

adequately represent the applicant's interest." Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks and citation omitted).  The applicant seeking to intervene has the burden of establishing each requirement, but the requirements are broadly interpreted in favor of intervention.  Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

Plaintiff does not dispute that Aqua-Life meets the final three elements of the test for intervention as of right, but contends that Aqua-Life's application is untimely and therefore, not appropriate under Rule 24.  See Response (Dkt. # 43) at 4.  To determine whether an application to intervene is timely, the Ninth Circuit considers three criteria: (1) the stage of the proceeding; (2) prejudice to other parties; and (3) the reason for and length of delay.  United States v. Oregon, 913 F. 2d 576, 588 (9th Cir. 1990).  "Mere lapse of time is not determinative."  Id.

Plaintiff argues that Aqua-Life's motion to intervene is untimely because the deadline for joining additional parties has passed and the case has been active for more than one year.  Response (Dkt. # 43) at 4-5.  However, "the timeliness inquiry demands a more nuanced, pragmatic approach." League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1303 (9th Cir. 1997).  The parties are still in the midst of the discovery stage of the case and unlike the circumstances in League of United Latin Am. Citizens, the Court has not "substantively - and substantially - engaged the issues in this case." Id.  Plaintiff also has not identified any prejudice that may result were the Court to grant Aqua-Life's request to intervene.  Plaintiff's focus on its previous litigation expenses is not persuasive.  Finally, Aqua-Life filed its motion to intervene promptly after the Court invited it to join the litigation properly.  Based on that record, the Court finds that Aqua-Life's motion to intervene is timely and therefore, the Court GRANTS Aqua-Life's motion to intervene.

ORDER GRANTING MOTION
TO INTERVENE, DENYING
MOTION TO REINSTATE DEFAULT- 3

Plaintiff seeks reinstatement of default due to Defendants' inability to proceed in the litigation because they no longer have an interest in the underlying trademarks. Motion to Reinstate Default (Dkt. # 38) at 8.  As this Court previously noted, "§ 1071(b)(4) only requires that Plaintiff file suit "Against the party in interest as shown by the records of the United States Patent and Trademark Office <u>at the time of the decision complained of</u> to initiate its appeal." Order (Dkt. # 37) at 4-5 (internal quotations omitted).  Furthermore, based on Aqua-Life's recent motion to intervene and notice of appearance, Plaintiff's argument is moot.  Therefore, the Court DENIES Plaintiff's motion.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Aqua-Life's motion to intervene (Dkt. # 40) and DENIES Plaintiff's request to reinstate default (Dkt. # 38).

DATED this 19th day of October, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO INTERVENE, DENYING
MOTION TO REINSTATE DEFAULT- 4