UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOSK INTERNATIONAL CO., <br>    Plaintiff, <br>  v. <br> ZAO GRUPPA PREDPRIYATIJ OST AND ZAO OST AQUA, <br>    Defendants. | Case No. C11-1488RSL <br><br> ORDER DENYING MOTION TO AMEND CASE SCHEDULE |

## I. INTRODUCTION

This matter comes before the Court on the "Motion for Order Amending Case Schedule" filed by Intervenor LTD. "Aqua-Life" ("Aqua Life") (Dkt. # 53). Aqua-Life seeks a 90-day continuance of the deadlines set forth in the Court's order setting the trial date and related deadlines, in part to provide additional time for the parties to complete discovery.

Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court finds as follows:

## II. DISCUSSION

This case arises out of the Trademark Trial and Appeal Board's ("TTAB") rejection of Plaintiff Vosk International Co.'s ("Vosk") applications to register three trademarks. Dkt. #1 at 3-6. Defendants Zao Gruppa Predpriyatij Ost and Zao Ost Aqua (collectively "Zao") opposed the registration of the trademarks based on their own trademarks and the TTAB sustained Zao's oppositions. Id. On April 12, 2010, Zao

ORDER DENYING MOTION
TO AMEND CASE SCHEDULE- 1

assigned its rights to the trademarks to Aqua-Life. Dkt. # 40 at 2. Aqua-Life is Russian company that, like Zao, manufactures, bottles and sells non-alcoholic drinks. Dkt. # 16 at 6.

Under Rule 16(b), a party must show good cause to extend a case scheduling order's deadline for completing discovery or for amending the pleadings. Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a)'s more liberal standard that looks primarily to the bad faith of the moving party and the prejudice to the opposing party, "[t]his standard 'primarily considers the diligence of the party seeking the amendment.'" Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). While prejudice to the party opposing the modification might provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). Id. at 1295. "The district court is given broad discretion in supervising the pretrial phase of litigation." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

The Court is not convinced that Aqua-Life acted with sufficient diligence in conducting the discovery it now seeks. Aqua-Life's broad request to extend the case deadlines by 90 days fails to identify a particular need to conduct discovery or any other reason why the Court's deadlines cannot be met. While it is true that Aqua-Life was not a party to the litigation when the Court issued its case management order, that fact alone does not justify altering the schedule on last minute motion. See id. (The district court's five-month delay in issuing a written scheduling order was insufficient to justify modifying the deadlines because plaintiff did not seek a modification of the scheduling order until four months after the court issued the order.).

More importantly, Aqua-Life does not dispute that since intervening in October 2012, it has not propounded a single discovery request on Vosk. In fact, the only reason

ORDER DENYING MOTION
TO AMEND CASE SCHEDULE- 2

stated for seeking an extension of the deadlines is to allow Aqua-Life to respond to Vosk's document requests. Dkt. # 53 at 3. Notably, however, Vosk did not file a motion to compel. Id. Furthermore, Aqua-Life informed Vosk early in the litigation that it did not have any documents relevant to the dispute and it has not supplemented this representation to suggest that it has since discovered relevant documents. Dkt. # 36-1 at 4; Dkt. # 57 ¶ 5.

Contrary to Aqua-Life's argument, failure to comply with the rules of discovery does not constitute good cause to modify the Court's deadlines. Moreover, Aqua-Life's general request to "extend[] by 90 days the dates and deadlines contained in the Court's May 31, 2012 Minute Order Setting Trial Date and Related Dates," filed on the final day of discovery, see Dkt. # 32, does not suggest that Aqua-Life pursued discovery or a continuance with diligence. While the Court is mindful of the challenges presented by Aqua-Life's status as a foreign corporation, the Court finds telling Aqua-Life's failure to take any steps to further its case during the seven months following its intervention. Based on this undisputed record and Aqua-Life's failure to present a legitimate reason to extend the trial date and related deadlines, the Court DENIES Aqua-Life's motion to amend the case schedule. See Zivkovic, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (quoting Johnson, 975 F.2d at 609).

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Aqua-Life's motion to amend the case schedule (Dkt. # 53).

ORDER DENYING MOTION
TO AMEND CASE SCHEDULE- 3

1         DATED this 19th day of June, 2013.

4                                               /s/ Robert S. Lasnik
                                                Robert S. Lasnik
5                                               United States District Judge

26   ORDER DENYING MOTION
     TO AMEND CASE SCHEDULE- 4